IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER N. WIELAND, | ) |
| | ) |
| Plaintiff, | ) |
| | )  No. 2:24-cv-02436-TLP-cgc |
| v. | ) |
| | ) |
| OFFICER OLBERDING, OFFICER TOLER, and JOHN DOE, Officer, | ) |
| | ) |
| Defendants. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pro se Plaintiff Christopher N. Wieland sued Defendants Olberding and Toler for an arrest, "falsified police report," and his related transport to Lakeside Behavioral Health Systems. (ECF No. 1.)

Under Administrative Order 2013-05, the Court referred this case to Magistrate Judge Charmaine G. Claxton for management of all pretrial matters. Because Plaintiff is proceeding in forma pauperis in this matter, Judge Claxton screened the Complaint under 28 U.S.C. § 1915(e)(2) and issued an R&R in January 2025. (ECF No. 7.) In the R&R, Judge Claxton recommends the Court dismiss Plaintiff's claims.

**LEGAL STANDARD**

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain dispositive pretrial matters, including motions for summary judgment. 28 U.S.C. § 636(b)(1)(A)–(B). And the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. §

1

636(b)(1).  A party may object to the proposed findings and recommendations "[w]ithin 14 days after being served with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  If neither party objects, then the district court reviews the R&R for clear error.  Fed. R. Civ. P. 72(b) advisory committee's note.  Judge Claxton entered her R&R in January 2025.  Plaintiff did not object, and the time to do so has now passed.  The Court therefore reviews the R&R for clear error.

## DISPOSITION AND CONCLUSION

Having reviewed the record, the Court finds no clear error in Judge Claxton's R&R.  The Court agrees with Judge Claxton that Plaintiff's Complaint fails to state a claim and is subject to dismissal.  (*See* ECF No. 7.)  As Judge Claxton points out, a plaintiff must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  (*Id.* at PageID 19 (citing Fed. R. Civ. P. 8(a)).)  And the Complaint here, though potentially attempting to assert 42 U.S.C. § 1983 or due process claims, is too vague and incomplete to assert a cognizable claim.  (*See* ECF No. 1.)  Judge Claxton also found that there is no good faith basis to appeal under Federal Rule of Appellate Procedure 24(a), and the Court agrees.  (ECF No. 7 at PageID 16–17.)

As a result, the Court **ADOPTS** the R&R and **DISMISSES** Plaintiff's claims **WITH PREJUDICE**.  The Court also **CERTIFIES** that any appeal would not be taken in good faith and **DENIES** leave to proceed in forma pauperis on appeal.

**SO ORDERED**, this 13th day of August, 2025.

                                        s/Thomas L. Parker
                                        THOMAS L. PARKER
                                        UNITED STATES DISTRICT JUDGE